UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL DUFFINA ET AL.**  　　　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**  　　　　　　　　　　　　　　　　　　　　　　　　**NO. 22-5012**

**STOLTHAVEN NEW ORLEANS,**  　　　　　　　　　　　　**SECTION "B"(4)**
**LLC ET AL.**

## ORDER AND REASONS

Before the Court are defendants Valero Refining-Meraux, LLC and Valero Refining-New Orleans, LLC (collectively, "Valero")'s motion to dismiss (Rec. Doc. 58); other defendants motions for joinder and to adopt motion to dismiss (Rec. Doc. 67 (Union Carbide Corporation); Rec. Doc. 68 (Stolthaven New Orleans, L.L.C.); Rec. Doc. 69 (SGS North America, Inc.)); plaintiffs Daniel Duffina and Melissa Duffina, both individually and on behalf of their minor child DD's opposition (Rec. Doc. 71); and defendants Valero Refining-Meraux, LLC and Valero Refining-New Orleans, LLC's reply (Rec. Doc. 74). For the following reasons,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED IN PART**, in accordance with this Order. Plaintiffs shall file an amended complaint with respect to specific facts supporting the application of *contra non valentem*, **no later than January 15, 2024.** Failure to amend the complaint will lead to the dismissal of the action.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Brought by a husband and wife, individually and on behalf of their minor child, this negligence and strict liability suit against former employers alleges that chemical exposure to parents caused birth defects to their child. *See* Rec. Doc. 46 at 6 (second amended complaint). Daniel Duffina and Melissa Duffina filed their state-court suit in October of 2022, claiming their

1

son, D.D., was born on November 12, 2014 "with profound birth injuries which are a direct and proximate result of Defendant's conduct and products." Rec. Doc. 1-2 at 1–2. Originally, the lone defendant was Stolthaven New Orleans, L.L.C., which owned one of the locations of Mr. Duffina's work and which produced certain products Mrs. Duffina tested at a separately owned laboratory. *See id.* at 7. In addition to negligence and strict liability claims, the original petition also alleged Stolthaven's violation of the Louisiana Products Liability Act ("LPLA"). *See id.* at 8. Asserting Texas citizenship, Stolthaven timely removed pursuant to 28 U.S.C. § 1332(a)(1). *See* Rec. Doc. 1 at 2. Five days prior to its notice of removal—but before the receipt of service—plaintiffs filed a first amended petition for damages in state court, adding defendants The Dow Chemical Company; SGS North America, Inc.; Valero Refining-Meraux, LLC; and Valero Refining-New Orleans, LLC and asserting against them and Stolthaven the previously alleged negligence and strict liability claims and against all but SGS a LPLA claim. *See* Rec. Doc. 7 at 1–2 (amended notice of removal); Rec. Doc. 7-1 at 18 *et seq.* (first amended petition for damages). Following Valero's motion for partial motion to dismiss relating to the LPLA claim, *see* Rec. Doc. 33, plaintiffs and Valero filed a consent judgment to dismiss with prejudice all LPLA claims against Valero, *see* Rec. Doc. 40. In its second amended complaint, plaintiffs substituted Union Carbide Corporation ("UCC") for Dow and abandoned their LPLA claim completely. *See* Rec. Doc. 46.

What remains is plaintiffs' allegation of negligence and strict liability, which Valero moves to dismiss on prescription grounds.

II. **LAW AND ANALYSIS**

    A. **Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### B. Doctrine of *Contra Non Valentem*

Under Louisiana law, tort claims have a one-year statute of limitation, known as the period of liberative prescription. La. Code Civ. art. 3492. "This prescription commences to run from the day injury or damage is sustained. *Id*. "Ordinarily, the party pleading prescription bears the burden of proving that the plaintiff's claims have prescribed." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir. 2009) (citing *In re Moses,* 788 So. 2d 1173, 1177–78 (La. 2001)). "However, once it is shown that more than a year has elapsed between the time of the tortious

3

conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription[.]" *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) (citation omitted). One such exception is the doctrine of *contra non valentem*. As the Louisiana Supreme Court has explained the exception, "To soften the occasional harshness of prescriptive statutes, our courts have recognized a jurisprudential exception to prescription: *contra non valentem non currit praescriptio,* which means that prescription does not run against a person who could not bring his suit." *Carter v. Haygood*, 2004-0646 (La. 1/19/05), 892 So. 2d 1261, 1268. The Louisiana high court has recognized four appropriate instances for *contra non valentem*:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
>
> (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

*Id*. The fourth instance is known as "the discovery rule," and is the condition applicable to the instant matter. *See In re Moses*, 2000-2643 (La. 5/25/01), 788 So. 2d 1173, 1178 n.10.

A plaintiff's actual or constructive knowledge of a cause of action is evaluated through the "equitable nature of the circumstances in each individual case." *Carter*, 892 So. 2d at 1268 (citation omitted). Among these circumstances, "the plaintiff's action or inaction in light of his education, intelligence, and the nature of the defendant's conduct." *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So. 3d 234, 246 (citations omitted). The Fifth Circuit Court of Appeals has recently highlighted a plaintiff's employment status vis-à-vis his alleged tortfeasor: "[A] man who

4

does not work for an allegedly tortious employer cannot be held, with nothing more, to be suspicious of invisible and unknown emissions of surrounding companies or to embark independently on an investigation of the inner workings of an otherwise ordinary plant." *Jack v. Evonik Corp.*, 79 F.4th 547, 564 (5th Cir. 2023).

Constructive knowledge is present where "notice is enough to excite attention and put the injured party on guard and call for inquiry." *Campo v. Correa*, 2001-2707 (La. 6/21/02), 828 So. 2d 502, 510–11. Although a lower standard of knowledge, the constructive knowledge sufficient for the running of prescription is still more than "a plaintiff's mere apprehension that something may be wrong[,] . . . unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by" a tortious act. *Id.* at 511. As another section of the Eastern District of Louisiana recently concluded, "State and federal case law regarding prescription and *contra non valentem* strongly suggest that a medical diagnosis puts a plaintiff on constructive notice of her cause of action, and thereby starts the prescriptive period." *Ellis v. Evonik Corp.*, 604 F. Supp. 3d 356, 365 (E.D. La. 2022) (collecting cases). In reversing a district court's dismissal on prescription grounds, the Fifth Circuit found especially significant the absence of a medical diagnosis, describing the difference as "critical" before permitting the case to move to discovery despite "admittedly thin" specific allegations in the complaint. *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 439–40 (5th Cir. 2021). However, where a plaintiff asserts "an exceedingly common diagnosis," the Fifth Circuit has held that the injury "generally has a mundane cause and is not the kind of diagnosis that puts one on notice of problems in and of itself." *Jack*, 79 F.4th at 563–64.

Plaintiffs filed their state-court petition on October 25, 2022, alleging injury associated with their son's November 12, 2014 birth. Rec. Doc. 1-2 at 4–5; *see also id.* at 7 ¶18 ("As a result

5

of Mr. and Mrs. Duffina's exposure to the aforementioned chemicals, as well as D.D.'s *in utero* exposure to same, D.D. was born without the NSDI gene, suffers from Sotos Syndrome, and is severely mentally and physically disabled."). As the asserted injury preceded the action by over a year, the claim has facially prescribed, shifting the burden onto plaintiffs to prove an exception. *See Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). Plaintiffs provide in their second amended complaint a two-paragraph section on *contra non valentem*:

> 43. Petitioners recently learned that birth injuries can be caused by exposures to chemical and/or toxins in the workplace. Specifically, in April of 2022, Petitioners heard radio advertisements explaining that birth injuries may be caused by parental exposure to chemicals and toxins in the workplace. Prior to hearing these radio advertisements, Petitioners had no knowledge or understanding of the potential causal connection between their work and the birth injuries experienced by their child.
>
> 44. Petitioners were not warned of the potential ramifications of chemical exposures. The Defendants actively concealed the causal connection between parental work-place exposures to, *inter alia*, the aforementioned chemicals and their potential to cause birth injuries. As such, Petitioners have only recently discovered that [D.D's] birth injuries were caused by their own exposures in the workplace. This realization was not more than one year preceding the filing of this [Second Amended Complaint].

Rec. Doc. 46 at 12 ¶¶43–44. Even interpreting the complaint in the light most favorable to plaintiffs, the stated conclusory allegations fail to present reasonable reasons for their nearly eight years of inaction. Unlike cases that refused dismissal at the pleadings stage, plaintiffs alleged chemical exposure came through their employment, a medical diagnosis was supplied earlier than a year before their suit, and the diagnosis was not "exceedingly common." In its current form, plaintiff's second amended complaint fails to provide sufficient factual allegations to establish prescription has not run.

Nonetheless, recognizing that pursuant to Federal Rule of Civil Procedure 15(a)(2) we "should freely give leave when justice so requires," plaintiffs are permitted to amend their complaint with respect to specific facts supporting the application of *contra non valentem*.

New Orleans, Louisiana this 29th day of December, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE